[Cite as *In re A.S.*, 2026-Ohio-288.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| IN RE: A.S. | : |
| | :    C.A. No. 30567 |
| | : |
| | :    Trial Court Case No. C-2022-003755-0N,0S |
| | : |
| | :    (Appeal from Common Pleas Court-Juvenile Division) |
| | : |
| | :    **FINAL JUDGMENT ENTRY & OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on January 30, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

LEWIS, P.J., and HUFFMAN, J., concur.

OPINION

GARY C. SCHAENGOLD, Attorney for Appellant, Mother
MICHAEL P. ALLEN, Attorney for Appellee Montgomery County Children Services

TUCKER, J.

{¶ 1} Mother appeals from the trial court's judgment entry terminating her parental rights and awarding appellee Montgomery County Children Services ("MCCS") permanent custody of her minor child A.S.

{¶ 2} Mother contends the trial court erroneously awarded MCCS permanent custody without first finding that the child could not or should not be placed with either parent within a reasonable time. Mother also claims that the trial court failed to make a finding under R.C. 2151.414(E)(1) through (16) to support a determination regarding the child not being placed with either parent. Mother further asserts that the State failed to present admissible evidence that would support a finding under R.C. 2151.414(E)(1) through (16). Finally, Mother contends the trial court erred in overruling her competing motion to be reunified with her child.

{¶ 3} We conclude that whether the child could not or should not be placed with either parent within a reasonable time was immaterial. The need for such a finding was eliminated by the child having been in MCCS's temporary custody for 12 or more months of a consecutive 22-month period. For that reason, the trial court did not err in failing to make a finding under R.C. 2151.414(E)(1) through (16), which identify reasons why a child cannot or should not be placed with either parent. Likewise, given that A.S. had been in MCCS's temporary custody for 12 or more months out of a consecutive 22-month period, we need not determine whether the record contains admissible evidence that would have supported

a finding under R.C. 2151.414(E). Finally, Mother cannot demonstrate entitlement to reunification absent any reversible error in the trial court's permanent custody ruling. Accordingly, we affirm the trial court's judgment.

## I. Background

{¶ 4} In May 2022, Mother lost legal custody of A.S.'s two older siblings based primarily on her marijuana use around them and unstable mental health. Following those proceedings, MCCS filed a September 2022 dependency complaint to remove A.S. from Mother's care immediately after the child's birth. The complaint was based on her marijuana use during her pregnancy with A.S. and her mental health. The child was adjudicated dependent, and MCCS obtained temporary custody. A.S. was placed with a foster family while Mother addressed case-plan objectives. MCCS initially supported reunification but later moved for permanent custody in June 2024 after Mother's mental health purportedly regressed. The permanent custody motion proceeded to a September 19, 2024 hearing before a magistrate. The magistrate considered a guardian ad litem's report and heard testimony from an MCCS caseworker, one of A.S.'s foster parents, the legal custodian of one of A.S.'s older siblings, and Mother. A.S.'s biological Father refused to work on a case plan, declined to be considered for custody, and did not appear for the hearing. Based on the evidence presented, the magistrate sustained MCCS's motion. The magistrate found that A.S. had been in the agency's temporary custody for 12 or more of the preceding 22 months and that an award of permanent custody to the agency was in the child's best interest.

{¶ 5} Mother filed objections challenging the magistrate's decision. After conducting an independent review, the trial court overruled the objections and awarded MCCS permanent custody. Like the magistrate, the trial court found that A.S. had been in the

3

agency's temporary custody for at least 12 of 22 consecutive months and that awarding permanent custody to MCCS was in the child's best interest. This appeal followed.

## II. Analysis

**{¶ 6}** Mother's sole assignment of error states:

**THE TRIAL COURT ERRED IN GRANTING THE AGENCY'S MOTION FOR PERMANENT CUSTODY AND ERRED IN DENYING MOTHER'S MOTION FOR REUNIFICATION.**

**{¶ 7}** Mother raises several arguments under her assignment of error. First, she contends the trial court erroneously awarded MCCS permanent custody without first finding that the child could not or should not be placed with either parent within a reasonable time. Second, she claims the trial court erred in failing to make a finding under R.C. 2151.414(E)(1) through (16) to support a determination regarding the child not being placed with either parent. Third, she asserts that the State failed to present clear and convincing admissible evidence to support a finding under R.C. 2151.414(E)(1) through (16) regarding the child not being placed with either parent. Fourth, she contends the trial court erred in overruling her competing motion to be reunited with her child.

**{¶ 8}** Upon review, we find Mother's assignment of error to be unpersuasive. Her first three arguments are predicated on the trial court being required to find that A.S. could not or should not be placed with either parent. Mother contends that when a permanent custody motion is filed under R.C. 2151.413(D)(2), a trial court must address R.C. 2151.414(E), which requires a finding by clear and convincing evidence that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. Contrary to Mother's argument, R.C. 2151.414(E) did not apply.

4

**{¶ 9}** Another statute, R.C. 2151.413(D)(1) and (2) identify two circumstances under which a children services agency shall seek permanent custody: (1) if a child has been in the agency's temporary custody for 12 or more months of a consecutive 22-month period or (2) if a trial court finds that the agency is not required to use "reasonable efforts" to prevent removal or continued removal of the child from the child's home. If an agency moves for permanent custody under the second circumstance (which is identified in R.C. 2151.413(D)(2)) following a judicial determination that reasonable efforts are not required, R.C. 2151.414(B)(2) authorizes permanent custody to the agency if a trial court then determines "in accordance with division (E) of this section that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of this section that permanent custody is in the child's best interest." Finally, R.C. 2151.414(E) lists reasons why a trial court might find that a child cannot or should not be placed with either parent.

**{¶ 10}** Here MCCS's June 2024 permanent custody motion stated that it was filed under R.C. 2151.413 without specifying (D)(1) or (D)(2). However, the motion also referenced R.C. 2151.414(B)(1), which authorizes permanent custody to an agency where such an award is in the best interest of the child and one of several circumstances exists. Those circumstances include the child having been in the temporary custody of a children services agency for 12 or more months of a consecutive 22-month period. R.C. 2151.414(B)(1)(d).

**{¶ 11}** Notably, MCCS's permanent custody motion asserted that A.S. had been in the agency's temporary custody since January 2023. Evidence at the permanent custody hearing confirmed that the child had been in the agency's temporary custody for 12 or more months of a consecutive 22-month period. Thereafter, the magistrate and the trial court both

found that the "12 in 22" requirement had been satisfied. As a result, MCCS was not required to establish that A.S. could not or should not be placed with either parent, and no judicial finding was required on the issue. *In re E.C.*, 2014-Ohio-1660, ¶ 7-8 (2d Dist.).

{¶ 12} We recognize that MCCS's permanent custody motion did cite R.C. 2151.414(E), the statute addressing whether a child cannot or should not be placed with either parent within a reasonable time. But reliance on R.C. 2151.414(E) was unnecessary as the alternative "12 in 22" requirement had been satisfied. *See* R.C. 2151.414(B)(1)(a) and (d) (authorizing permanent custody to a children services agency if such an award in the child's best interest and (1) the child has been in the agency's temporary custody for 12 or more months of a consecutive 22-month period *or* (2) the child has not been in the agency's temporary custody for 12 or more months of a consecutive 22-month period and "the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents").

{¶ 13} As for the trial court's failure to make a finding under R.C. 2151.414(E)(1) through (16) to support A.S. not being placed with either parent, no finding was required. Permanent custody was authorized based on A.S.'s placement in MCCS's temporary custody for 12 or more months of a consecutive 22-month period. Therefore, the trial court had no need to address R.C. 2151.414(E). For the same reason, we need not determine whether the record contains clear and convincing admissible evidence that would support a finding under R.C. 2151.414(E)(1) through (16). A.S.'s placement in MCCS's temporary custody for 12 or more months of a consecutive 22-month period rendered that issue immaterial.

{¶ 14} In a final argument, Mother contends the trial court erred in overruling her competing motion for reunification with A.S. Her argument fails because she has not

6

identified any reversible error in the trial court's judgment entry awarding MCCS permanent custody and, therefore, cannot establish entitlement to reunification.

{¶ 15} Mother notes that MCCS filed its own reunification motion before seeking permanent custody. She reasons that the agency should not have sought permanent custody if it believed reunification was possible. But A.S.'s caseworker attributed the change in the agency's position to Mother's mental health "cycling again" with displays of "mental health instability and lack of emotional regulation."

{¶ 16} Although Mother characterizes all evidence related to her mental health as inadmissible hearsay, the caseworker testified about threats Mother had made directly to the caseworker regarding the foster parents and the guardian ad litem. According to the caseworker, Mother started stalking her and did things that "sounded like paranoia in addition to the situation at hand." The caseworker opined that Mother still had not shown an ability to control her emotions and make sound decisions that would not place her or A.S. at risk. Additionally, one of A.S.'s foster parents described the relationship with Mother as "volatile." He referenced "relapses" in Mother's behavior that seemed to be "getting worse." At the time of the permanent custody hearing, the foster parent wanted no more contact with Mother. The legal custodian of A.S.'s older sibling also testified that Mother had started sending text messages and emails containing what Mother characterized as not "threats" but "promises." Mother accused the legal custodian of being "the police for the county" and "the ops." Mother stated that she knew where the legal custodian lived and worked and that she would "find" the custodian.

{¶ 17} In support of her reunification argument, Mother stresses her case plan progress but scarcely mentions any of the statutory best-interest factors governing the trial court's permanent custody decision. Once the trial court made its "12 in 22" finding, the only

7

remaining issue was whether awarding MCCS permanent custody was in A.S.'s best interest. While Mother's case plan progress was relevant to the best-interest analysis, the analysis focused on the child, not on Mother or her case-plan progress per se. *In re H.V.F.*, 2024-Ohio-5838, ¶ 53 (2d Dist.). In essence, the "12 in 22" requirement recognizes a parent's right to raise his or her child and gives a parent a full 12 months to pursue a case plan and work toward reunification. *In re C.W.*, 2004-Ohio-6411, ¶ 21-23. After that time, a children services agency generally must seek permanent custody, and the focus shifts to what is best for the child. After 12 months of temporary custody, an agency need not even prove that a child cannot or should not be returned to the parents. *Id.* at ¶ 21. At that point, the best-interest factors are examined to determine whether an award of permanent custody would be best for a child's growth, stability, and security.

{¶ 18} Here Mother's appellate brief largely overlooks the statutory best-interest factors. Instead, she focuses on issues related to whether A.S. could not or should not be placed with either parent within a reasonable time, her case-plan progress, and her motion for reunification. As explained above, however, the crucial issue was whether awarding MCCS permanent custody was in A.S.'s best interest. On that issue, Mother has failed to demonstrate any error in the trial court's judgment.

### III. Conclusion

{¶ 19} Mother's assignment of error is overruled, and the judgment of the Montgomery County Common Pleas Court, Juvenile Division, is affirmed

. . . . . . . . . . . . .

LEWIS, P.J., and HUFFMAN, J., concur.